GEORGE SPENCER TWO EAGLES        CIVIL ACTION

VERSUS        NO. 12-294

U.S. MAGISTRATE COURT JUDGE        SECTION "N" (2)
DANIEL E. KNOWLES III ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, George Spencer Two Eagles, filed this complaint pro se and in forma pauperis against United States Magistrate Judge Daniel E. Knowles, III and United States District Judge Martin L.C. Feldman alleging improper action by the judges in connection with his previously filed case in this court, Civil Action No. 10-1678 "F" (3).

Plaintiff's complaint asserts that the defendant judges violated various laws and alleges in pertinent part:

> [On] June 8, 2010, I filed a writ of civil reco (sic) conspiracy into U.S. Dist Court Eastern Dist of La.
> [On] July 16th persuant (sic) Civil Action Case: 2-10-CV 01678 [Record Doc. No. 10] U.S. Magistrate Judge Dani[e]l E. Knowl[e]s III dismissed my writ with prejudice because the defendants name[d] in my writ were, totaly (sic) immune to prosecution.
> Also on July 16th, 2010, U.S. Dist Court Judge Martin L.C. Feldman conspired one with another under color of law.
> [On] August 10, 2010, dismissed my writ with prejudice.
> [On] August 8, 2011, I filed a writ of nunc pro tunc to do now what the judges should have done in the beganging (sic). See: Exhibit No. 1.

[On] September 8, 2011, Judge Knowl[e]s and U.S. Dist Court Judge Martin L.C. Feldman, in the[ir] vigilante and KKK assumption dismissed my nunc pro tunc writ with prejudice because the named defendants were all totaly (sic) immune. An assumption that proves to be a bald face lie merely reviewing the FBI file fact sheet. Here, the FBI are arresting judges, mayors chief of police FBI state senators that['] s facts. See Exhibit No. 2. Total immunity here does not fit.

Now See Exhibit No: 3. This federal judge lost his total immunity. Exhibit No: 4 proves that, federal judges can be impeached.

Here, Judge Knowl[e]s and Judge Martin L.C. Feldman screem (sic) total immunity. Yet we see that on June 22nd 2011 . . . Scott Lemoine named a judg[e] and sheriff in a federal law suit what, happened to the[ir] total immunity see Exhibit No: 5.

Due to Judge Knowl[e]s and Judge Feldman['] s outlaw assumption of total immunity I contacted the office [of] Steve Pugh Louisiana House of Representatives District 73 P.O. Box 2473 Ponchatoula LA who advised me to file this petition because both judges['] assumption of total immunity had no merit what so ever, that, my writ of civil reco (sic) conspiracy is justified!!!

Insofaras (sic) I am entitled to my day in court on this writ. I demand an order from this court to either put my writ civil reco (sic) conspiracy into court, or order a grand jury hearring (sic) because total immunity does not exist and that is a documented fact.

Complaint at pp. 2-3.

## ANALYSIS

I.    STANDARDS OF REVIEW

A pro se complaint filed in forma pauperis shall be dismissed "at any time" if the court determines that it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous "if it lacks an arguable basis in law or fact."

2

<u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory.'" <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate . . . ." <u>Moore v. Mabus</u>, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because defendants are immune from suit on these grounds.

II.    <u>JUDICIAL IMMUNITY</u>

Plaintiff's claims against the United States judges are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356

(1978) (citing <u>Bradley v. Fisher</u>, 80 U.S. 335 (1871)); <u>Mays v. Sudderth</u>, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." <u>Ammons v. Baldwin</u>, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); <u>accord Mays</u>, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. <u>Stump</u>, 435 U.S. at 356-57; <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967), <u>overruled in part on other grounds by Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), <u>as recognized by Hill v. Shelander</u>, 992 F.2d 714, 716 (7th Cir. 1993); <u>Mays</u>, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. <u>Id.</u> at 111; <u>Dayse v. Schuldt</u>, 894 F.2d 170, 172 (5th Cir. 1990); <u>Freeze v. Griffith</u>, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. <u>Pulliam v. Allen</u>, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled <u>Pulliam</u>'s holding regarding the availability of injunctive relief against a state judge in his official capacity. <u>Guerin v. Higgins</u>, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); <u>Nollet v. Justices</u>, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); <u>see also</u> <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief (the kind of relief plaintiff specifically requests) nor damages are available in this action against these defendants. <u>Tesmer v. Granholm</u>, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); <u>Nollet</u>, 83 F. Supp. 2d at 210.

Spencer's claims against the judges concern actions that are exclusively within the scope of the judges' roles as judicial officers and therefore within their jurisdiction in a prior case in which plaintiff also attempted to sue judges of this court and others who were similarly immune. Consequently, the doctrine of absolute judicial immunity bars his suit against the judges. For these reasons, all of the claims against defendants must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this _____8th_____ day of February, 2012.

UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.